**ZHEN FU LIN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–1606–ag.

United States Court of Appeals, Second Circuit.

Dec. 5, 2008.

Theodore N. Cox, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; William C. Peachey, Assistant Director, Eric W. Marsteller, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Zhen Fu Lin, a native and citizen of the People's Republic of China, seeks review of the March 17, 2008 order of the BIA denying his motion to reopen. *In re Zhen Fu Lin*, No. A72 418 483 (B.I.A. Mar. 17, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). An alien seeking to reopen proceedings must file a motion to reopen within 90 days of the issuance of a final administrative order of removal. *See* 8 C.F.R. § 1003.2(c)(2). However, where ineffective assistance of counsel prevents an alien from presenting his claim, the filing deadline for a motion to reopen may be equitably tolled until the ineffective assistance "is, or should have been, discovered by a reasonable person in the situation." *Cekic v. INS*, 435 F.3d 167, 171 (2d Cir.2006) (internal quotation marks and citations omitted). We recently clarified that an alien is required to demonstrate "due diligence" in pursuing his claims "during the entire period [the alien] seeks to toll," i.e., "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period of time from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir.2008).

Here, it is undisputed that Lin's November 2007 motion to reopen was untimely where the BIA issued its decision affirming the immigration judge's ("IJ") order of deportation in March 1998. Further, the BIA assumed that Lin exercised due diligence until March or April 2001, when Lin's wife's attorney informed him that his prior counsel had not timely filed Lin's appeal and that the BIA had, accordingly, rejected it. Thus, this case turns on whether the BIA abused its discretion in concluding that Lin failed to exercise due diligence by waiting an additional six-and-one-half years, until November 2007, before filing his motion to reopen. *See Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007). We find that the BIA did not abuse its discretion.

Lin's explanation as to why he waited so long to seek reopening of his proceedings was that he had relied upon his wife's attorney's advice that he should obtain a mailing receipt showing when his former attorney mailed the notice of appeal to the BIA. Lin claims that as a result of that advice, he visited his former attorney every three or four months between March or April 2001 and October 2007, asking for a mailing receipt. Each time Lin spoke with his former attorney, he was told that the mailing receipt could not be found. Because Lin's failure to file a motion to reopen earlier than he did was arguably due to the advice of his wife's attorney, Lin could have sought equitable tolling based on his wife's attorney's ineffective assistance. *See Zhao v. INS*, 452 F.3d 154, 158–59 (2d Cir.2006). However, as the

BIA noted, Lin stated in his affidavit that he does not believe that his wife's attorney provided ineffective assistance of counsel. Moreover, the BIA properly concluded that, even if Lin had claimed in his motion that his wife's attorney provided him with ineffective assistance of counsel, he would not have established his eligibility for equitable tolling based on her ineffective assistance because Lin did not comply with the requirements of *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (B.I.A.1988), with respect to her. *See Zheng v. United States Dep't of Justice,* 409 F.3d 43, 47 (2d Cir.2005).

In sum, though Lin knew by March or April 2001 that his former attorney rendered ineffective assistance of counsel by failing to timely file the notice of appeal, Lin failed to retain new counsel for more than six years. Under these circumstances, the BIA's determination that Lin did not exercise due diligence was not arbitrary, capricious, or contrary to law. Thus, the BIA did not abuse its discretion in denying Lin's motion to reopen as untimely. *See Cekic,* 435 F.3d at 170.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).